# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TERESA B. RUTLAND, BRENDA J. STAUFFER, DAWN M. DOSKOCZ,**

        **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-1130-Orl-19DAB**

**VISITING NURSE ASSOCIATION OF CENTRAL FLORIDA, INC., d/b/a Community Care for the Elderly, ORLANDO REGIONAL HEALTHCARE SYSTEM, INC.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 37)**
>
> **FILED:** June 19, 2008
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This Court held a fairness hearing, following the parties' notification of settlement in this Fair Labor Standards Act case. According to the Complaint, Plaintiffs were allegedly owed unpaid overtime compensation from their employer, Defendants. Defendants raised certain defenses denying liability and challenging the claims, and the parties undertook discovery. The parties have filed a summary of the settlement terms (Doc. No. 37), and counsel for both sides appeared at hearing.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

All relevant terms of the settlement are undisputed here and set forth clearly in the summary. According to the papers, the three Plaintiffs are to receive significantly less than the amount claimed in their Interrogatories. Specifically, the parties have agreed as follows:

| **PLAINTIFF** | **AMOUNT CLAIMED** | **SETTLEMENT AMOUNT** |
|---|---|---|
| Rutland | $85,360-overtime<br>$85,360-liquidated damages | $5,152.36-overtime<br>$5,152.36-liquidated damages |
| Stuaffer | $54,312 -overtime<br>$54,312-liquidated damages | $3,278.29-overtime<br>$3,278.29-liquidated damages |
| Doskocz | $63,052-overtime<br>$63,052-liquidated damages | $3,805.84-overtime<br>$3,805.84-liquidated damages |

According to counsel, upon a review of the records, the claims appeared exaggerated and, in view of the strength of Defendants' defenses and significant difficulties in Plaintiffs' ability to prove the amounts claimed, settlement was advisable. While the disparity between the amounts of the claim and what Plaintiffs will receive from the settlement is marked, under the circumstances, the Court finds the settlement to be a fair and reasonable resolution of a bona fide dispute.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment," a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. Here, there is no judgment, as the parties have asked that the Court approve the settlement and dismiss the complaint, with

prejudice. Nonetheless, the Court reviews the amount sought, to the extent it impacts the amounts Plaintiffs ultimately receive in settlement.

According to the settlement, Plaintiff's counsel is to receive the sum of $18,027.02 for attorney's fees and costs. No breakdown was provided however, counsel represented at hearing that, although he has a contingency fee agreement with Plaintiffs, the amount agreed to by the parties for attorney's fees is less than the value of his time, should the Court apply the lodestar method of calculation. The parties agree that this amount is reasonable and, considering that the case involved three plaintiffs, two days of depositions and complex legal and factual issues[1] the Court, does not disagree. The amount works out to approximately 60 hours at $300 per hour and, considering the work involved, 20 hours for each client is not unreasonable.

It is therefore **respectfully recommended** that the settlement be **approved,** and the case be **dismissed, with prejudice**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 29, 2008.

*David A. Baker*
      DAVID A. BAKER
      UNITED STATES MAGISTRATE JUDGE

---

[1] The parties represented that, in addition to the disputed issue of liability (Plaintiffs signed time cards which did not reflect any overtime worked), the fact that Plaintiffs largely worked out of the office made the issue of Defendants' knowledge of any overtime actually worked to be problematic.

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy